# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

GILBERTO ANDRES PEREIRA

**AMENDED JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:03-cr-315-T-30MAP
USM NUMBER: 41118-018

Defendant's Attorney: Dominic Joseph Baccarella, ret.

THE DEFENDANT:

_X_ pleaded guilty to count(s) One of the Information.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §1029 | Credit Card Fraud | May, 2003 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
__ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: June 17, 2004

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE
DATE: October 24, 2007

AO 245B (Rev 06/05) Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: GILBERTO ANDRES PEREIRA | Judgment - Page 2 of 6 |
| Case No.: 8:03-cr-315-T-30MAP | |

## IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWELVE MONTHS (12) MONTHS as to Count One of the Information.**

\_\_ The court makes the following recommendations to the Bureau of Prisons:

X\_\_ The defendant is remanded to the custody of the United States Marshal.
\_\_ The defendant shall surrender to the United States Marshal for this district.

    \_\_ at \_\_ a.m./p.m. on \_\_.
    \_\_ as notified by the United States Marshal.

\_\_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    \_\_ before 2 p.m. on \_\_.
    \_\_ as notified by the United States Marshal.
    \_\_ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy Marshal

| | | |
|---|---|---|
| Defendant: | GILBERTO ANDRES PEREIRA | Judgment - Page 3 of 6 |
| Case No.: | 8:03-cr-315-T-30MAP | |

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of TWO (2) YEARS as to Count One of the Information.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| Defendant: | GILBERTO ANDRES PEREIRA | Judgment - Page 4 of 6 |
| Case No.: | 8:03-cr-315-T-30MAP | |

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

X     The defendant shall provide the probation officer access to any requested financial information.

| Defendant: | GILBERTO ANDRES PEREIRA | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:03-cr-315-T-30MAP | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | $34,544.56 |

\_\_ The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_\_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| JP Morgan Chase Credit Services, Investigations<br>4900 Memorial Drive<br>Tampa, Florida, 33634 | | $24,475.60 | |
| Namco of Tampa Bay<br>8048 North Grady Avenue<br>Tampa, Florida, 33614<br> Attn: Dave North | | $1,920.65 | |
| A&A Discount Vacuum<br>7031 West Hillsborough Avenue<br>Tampa, Florida, 33634<br> Attn: Jeffrey P. Johnson<br>Ref: Cardholder B. Odom | | $2,354.00 | |
| Futon and Furniture Store<br>6815 North Dale Mabry Highway<br>Tampa, Florida, 33614 | | $1,390.95 | |
| Home Depot<br>8815 North Florida Avenue<br>Tampa, Florida, 33604 | | $4,403.36 | |
| Totals: | $ | $34,544.56 | |

\_\_ Restitution amount ordered pursuant to plea agreement   $_____.

\_\_ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_\_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   \_\_ the interest requirement is waived for the \_\_\_ fine \_\_\_ restitution.

   \_\_ the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | | |
|---|---|---|
| Defendant: | GILBERTO ANDRES PEREIRA | Judgment - Page 6 of 6 |
| Case No.: | 8:03-cr-315-T-30MAP | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __100.00__ due immediately, balance due

   ___ not later than _____, or

   ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant's financial circumstances will be evaluated, and the court may establish a new payment schedule accordingly. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the court of a material change in the defendant's ability to pay, and the court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_ The defendant shall pay the cost of prosecution.

_ The defendant shall pay the following court cost(s):

_ The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.